PeaRsoh, C. J.
 

 It would seem that the statute pardon, which is an incident to “ the benefit of clergy,” does not take effect until the party is burned in the hand and delivered out of prison, and in
 
 Burridge’s case,
 
 3 Peere Williams, 489, it is held “ where by the delay or doubt of the Court, a prisoner, convicted of manslaughter, has no opportunity of demanding his clergy., or if he has demanded it, and the Court should make no record of it, this, on its being pleaded and
 
 shovm specially,
 
 shall not turn to the prejudice of the prisoner, because it is the default of the Court.” According t'o this authority, it being the default of the Court, that the fact, that the sentence had been executed, was not set out in the record, the plaintiff ought to have been allowed to prove it by a witness.
 

 But we are not at liberty to decide the point by reason of the manner in which it comes up. The appeal is taken from the order in respect to the taxation of the witness, William N. Keith. There is no error in that, ¡provided his Honor was right in ruling, on the trial, that the witness was incompetent. That ruling was not appealed from — stands unreversed, and, as between the parties, must be taken as conclusive. In making the order, the presiding Judge did but carry out his opinion in respect to the competency of the witness, and that opinion, a party is not at liberty to impeach in a collateral way. There is no error.
 

 PbR Cxteiam, Judgment affirmed.